RECEIPT # 56266
AMOUNT $ 157
SUMMONS ISSUED Y-1
LOCAL RULE 4.1
WAIVER FORM
MCF ISSUED
BY DPTY. CLK. M
DATE 6-1-04

FILED
2004 JUN -1 P 2: 11
U.S. DISTRICT COURT
DISTRICT OF MASS.

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

NSTAR ELECTRIC AND GAS
CORPORATION,

        Plaintiff,

v.

UNITED STEELWORKERS OF
AMERICA, LOCAL 12004,

        Defendant

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

Civil Action No.

04 CV 11150 EFH

MAGISTRATE JUDGE Collings

## COMPLAINT FOR DECLARATORY RELIEF

**A.** **Background**

1. NSTAR Electric and Gas Corporation ("NSTAR") seeks declaratory relief under Fed. R. Civ. P. 57 and 28 U.S.C. §§2201 and 2202 regarding the arbitrability of a grievance filed by the United Steelworkers of America, Local 12004 ("Local 12004"), under the applicable collective bargaining agreement between NSTAR and Local 12004. The grievance at issue concerns health benefits for retirees, which is not a proper subject for a grievance under the applicable agreement.

**B.** **The Parties**

2. NSTAR is a corporation with its principal place of business in Boston, Massachusetts. Through its subsidiaries NSTAR is engaged in the sale and distribution of electricity and natural gas. NSTAR is an employer in an industry affecting commerce within the meaning of Section 301 of the Labor Management Relations Act, 29 U.S.C. §185 ("Section 301").

3. Local 12004 is a labor organization in an industry affecting commerce within the meaning of Section 301. Local 12004 is and has been engaged in representing employees of NSTAR

since 1999, and in representing employees of Commonwealth Gas Company for many years before that date.

**C.      Jurisdiction**

4.      This Court has jurisdiction under 28 U.S.C. §1331 to resolve questions of arbitrability pursuant to Section 301.

**D.      The Collective Bargaining Agreement**

5.      Local 12004 and NSTAR have entered into a collective bargaining agreement covering the period March 25, 2002 through March 31, 2006 (the "Agreement"). (See Exhibit A hereto). In Article I, Section 1 of the Agreement, NSTAR recognized Local 12004 "as the sole collective bargaining agency in behalf of all Regular employees in" certain departments, "to whom this Agreement applies for the purpose of bargaining in respect to wages, hours and conditions of employment."

6.      Article I, Section 1 of the Agreement provides that "[w]hever used in this Agreement, the words 'employee' or 'employees' shall refer only to those employees to whom this Agreement is applicable."

7.      Article I, Section 2 of the Agreement provides that "[t]he provisions of this Agreement shall apply only to regular employees as defined in Article I, Section 1. The term 'Regular Employees' means those holding regular positions so authorized by the Company."

8.      Article III, Section 2 of the Agreement (entitled, "Employee Grievance Procedure") provides that the "procedure of settlement shall" consist of, first, "a discussion of the grievance between the aggrieved employee with his Shop Steward and his immediate supervisor." The second and third steps, and ultimately arbitration, depend upon this "grievance" not being resolved. (Article

III, Section 2). The Agreement further provides that "[i]n making investigation under paragraph first and second above [first and second steps of grievance procedure], the employees concerned shall first receive permission from the Department Superintendent or someone designated by him, to absent themselves from work." (Id.). Article III, Section 2 defines a grievance as "any dispute between the Union and the Company as to the meaning, application or intent of the provisions of this Agreement..." (Ibid.).

9. Pursuant to Article III, Section II of the Agreement, "[n]o arbitrator shall have the power to add or subtract from or modify any of the Terms of this Agreement or pass upon or decide any question except the grievance submitted to the Arbitrator in accordance with the foregoing provisions." (Article III, Section 2).

10. The parties have not clearly expressed their intent in the Agreement that an arbitrator should determine questions of arbitrability under the collective bargaining agreement described in paragraphs 5-9, supra, and attached hereto.

E. **Changes To Retiree Health Benefits, Effective April 1, 2003**

11. Effective April 1, 2003, NSTAR announced a series of modifications to its health benefits for both union and management retirees. NSTAR communicated the highlights of these changes to all retirees in December 2002.

12. The purposes of the changes implemented on April 1, 2003 included: (1) developing a more moderate approach to controlling costs while continuing to provide a substantial level of benefits for retirees; (2) standardizing the health plans for retirees in the wake of the merger of Boston Edison Company and Commonwealth Energy System which resulted in the creation of NSTAR; and 3) aligning retiree medical plans with those offered to current employees. None of

these changes resulted in the elimination of health insurance coverage for any retiree. Additionally, none of the changes altered the contribution methodology required of retirees toward their medical benefits.

F.  **Current Grievance Proceedings**

13.  On or about December 31, 2002, Local 12004 filed a grievance (Grievance No. 02-365-001G) under the Agreement against NSTAR (the "Grievance"). (See Exhibit B hereto). The Grievance alleged as follows: "The Company has unilaterally changed medical plans without negotiating." The Grievance alleged a violation of "Article IV, Section 1, Article VI and any and all other articles or agreements."

14.  By letter dated January 17, 2003, David Dorant, Director of Employee and Labor Relations for NSTAR, wrote Kathleen Laflash, Local 12004's President, regarding the Grievance. (See Exhibit C hereto). The letter stated in part: 1) "the Company has not made any changes to the medical benefits afforded members of Local 12004 under the current Collective Bargaining Agreement;" 2) "retirees were notified of the plan changes last month, which will take effect in April, 2003;" and (3) "three individuals (Kevin Brosnihan, Charlotte Umlah and Ronald McDonald)...were current employees at the time of the notification, but have since retired, and may be affected by this notification."

15.  After the parties were unable to reach a resolution, the Grievance proceeded to arbitration before Arbitrator Gary Altman on March 25, 2004. NSTAR took the position that the Grievance was not arbitrable, on the ground that Local 12004 does not represent the three individuals named above, all of whom retired prior to April 1, 2003 (when changes to retiree benefits took effect), and all of whom complain only of changes to retiree health benefits, and not about changes

to benefits which they received while they were actively employed. NSTAR further took the position that its conclusion was consistent with governing law under the National Labor Relations Act, 29 U.S.C. §151 et seq. ("NLRA"). Local 12004 contended that the Grievance was arbitrable, since the employees named in Mr. Dorant's letter, quoted above, retired before the end of 2002.

16. The Arbitrator did not hear the merits of the Grievance on March 25, but instead ordered the parties to submit briefs on the subject of arbitrability. The parties submitted briefs in accordance with the Arbitrator's order, but no decision has been issued.

G. **Related Proceedings**

17. On or about January 23, 2004, Local 12004 and several retirees brought suit in the United States District Court for the District of Massachusetts under Section 301, and several provisions of the Employee Retirement Income Security Act, 29 U.S.C. §1001 et seq. ("ERISA"), challenging the modification of retiree health benefits effective April 1, 2003 (Charles J. Senior, et al. v. NSTAR Electric and Gas Corporation, et al., Civil Action No. 04-10160-EFH). The modification of health benefits at issue in this action is identical to that placed at issue by the Grievance. NSTAR has answered the Complaint, and an initial scheduling conference is to be held on June 1, 2004. In the proceedings before Arbitrator Altman, Local 12004 has taken the position that "[w]hile the Union's court action" in Senior, "as pleaded in the complaint, includes the claims of the three retirees, if their claims are arbitrable *on the merits* the Union will exclude them from the court action...The claims of the retirees are based on a provision of the 2002-2006 agreement that is not available to prior retirees."

18. On or about March 25, 2003, Local 369 of the Utility Workers Union of America, and numerous NSTAR retirees, as well as retirees of NSTAR's predecessors, brought suit in the United

5

States District Court under Section 301, and several provisions of ERISA, challenging the same modification of health benefits at issue in Civil Action No. 04-10160-EFH, and in Grievance No. 02-365-001G (Utility Workers Local 369, et al v. NSTAR Electric and Gas Corporation, Civil Action No. 03-19530-EFH). By Memorandum and Order dated May 12, 2004, the U.S. District Court (Harrington, J.) granted NSTAR's Motion for Summary Judgment, and dismissed the suit in its entirety.

19. In aid of the Grievance, Local 12004 filed a charge (No. 1-CA-40802-1) with the National Labor Relations Board ("NLRB") under Section 8(a)(5) of the NLRA, 29 U.S.C. §158(a), charging NSTAR with unlawfully failing to provide the names, addresses and telephone numbers of retirees from Local 12004. The NLRB, Region 1 (Boston office), concluded that no such violation had occurred. Local 12004 requested review of this decision from the NLRB in Washington, D.C., which reached the same conclusion.

H.  **The Need for Declaratory Relief**

20. Arbitrator Altman is set to consider whether the Grievance is arbitrable under the Agreement. In the absence of a declaratory order from this Court, NSTAR could be required to proceed to arbitration on the merits of the Grievance, a matter which is not arbitrable.

I.  **Cause of Action**

21. The facts alleged in paragraph 1 through 20 inclusive are repeated and re-alleged as though set forth herein.

22. There is an actual controversy between NSTAR and Local 12004 over the arbitrability of the Grievance. NSTAR maintains that under the grievance article of the Agreement (Article III, Section 2 entitled "Employee Grievance Procedure"), only matters concerning employees, and not

retirees, can be the subject of a grievance and subsequent arbitration. This conclusion is consistent with governing law under the NLRA, and the decision of the NLRB, denying a charge based on NSTAR's failure to provide information about retirees. By contrast, Local 12004 maintains that the Grievance is arbitrable because the three (3) persons at issue were employees of NSTAR when the Grievance was filed.

23. This controversy must be resolved in order to allow the parties to know their rights and obligations with respect to the pending grievance.

**J.** **Requests For Relief**

WHEREFORE, NSTAR respectfully requests that this Court grant the following relief:

1. A declaration and order under the Agreement and applicable law that the Grievance cannot be heard under Article III, Section 2 of the Agreement ("Employee Grievance Procedure").

2. Such other and further relief as this Court deems just and equitable.

Respectfully submitted,

NSTAR ELECTRIC AND GAS CORPORATION,

By its Attorneys,

MORGAN, BROWN & JOY, LLP
One Boston Place
Boston, MA 02108
(617) 523-6666

By: _____
Keith B. Muntyan
B.B.O. #361380
Robert P. Morris
B.B.O. #546052

Dated: June 1, 2004

# CIVIL COVER SHEET

JS 44 (Rev. 3/99)

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

**I. (a) PLAINTIFFS**

NSTAR Electric and Gas Corporation

**DEFENDANTS**

United Steelworkers of America, Local 12004

**(b)** County of Residence of First Listed Plaintiff  Norfolk
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed _____
(IN U.S. PLAINTIFF CASES ONLY)

NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

**(c)** Attorney's (Firm Name, Address, and Telephone Number)
Keith B. Muntyan / Robert P. Morris
Morgan, Brown & Joy, One Boston Place
Boston, MA 02108-4472
Tel: 617-523-6666

Attorneys (If Known)
Warren H. Pyle
Pyle, Rome, Lichten
18 Tremont Street, Suite 500
Boston, MA 02108

**II. BASIS OF JURISDICTION** (Place an "X" in One Box Only)

- ☐ 1 U.S. Government Plaintiff
- ☒ 3 Federal Question (U.S. Government Not a Party)
- ☐ 2 U.S. Government Defendant
- ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** (Place an "X" in One Box for Plaintiff and One Box for Defendant) (For Diversity Cases Only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business in This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. NATURE OF SUIT** (Place an "X" in One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | PERSONAL INJURY | PERSONAL INJURY | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury Med. Malpractice | ☐ 620 Other Food & Drug | | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 365 Personal Injury Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC | ☐ 423 Withdrawal 28 USC 157 | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 630 Liquor Laws | | ☐ 450 Commerce/ICC Rates/etc. |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | | ☐ 640 R.R. & Truck | **PROPERTY RIGHTS** | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine | PERSONAL PROPERTY | ☐ 650 Airline Regs. | ☐ 820 Copyrights | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability | ☐ 370 Other Fraud | ☐ 660 Occupational Safety/Health | ☐ 830 Patent | ☐ 810 Selective Service |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 371 Truth in Lending | ☐ 690 Other | ☐ 840 Trademark | ☐ 850 Securities/Commodities/Exchange |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 380 Other Personal Property Damage | **LABOR** | **SOCIAL SECURITY** | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 385 Property Damage Product Liability | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 891 Agricultural Acts |
| ☐ 195 Contract Product Liability | | | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 892 Economic Stabilization Act |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | | ☐ 863 DIWC/DIWW (405(g)) | ☐ 893 Environmental Matters |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act | ☐ 864 SSID Title XVI | ☐ 894 Energy Allocation Act |
| ☐ 220 Foreclosure | ☐ 442 Employment | Habeas Corpus: | ☐ 740 Railway Labor Act | ☐ 865 RSI (405(g)) | ☐ 895 Freedom of Information Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/Accommodations | ☐ 530 General | | **FEDERAL TAX SUITS** | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 240 Torts to Land | ☐ 444 Welfare | ☐ 535 Death Penalty | ☒ 790 Other Labor Litigation | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 950 Constitutionality of State Statutes |
| ☐ 245 Tort Product Liability | ☐ 440 Other Civil Rights | ☐ 540 Mandamus & Other | ☐ 791 Empl. Ret. Inc. Security Act | ☐ 871 IRS — Third Party 26 USC 7609 | ☐ 890 Other Statutory Actions |
| ☐ 290 All Other Real Property | | ☐ 550 Civil Rights | | | |
| | | ☐ 555 Prison Condition | | | |

**V. ORIGIN** (PLACE AN "X" IN ONE BOX ONLY)

- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district (specify)
- ☐ 6 Multidistrict Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judgment

**VI. CAUSE OF ACTION** (Cite the U.S. Civil Statute under which you are filing and write brief statement of cause. Do not cite jurisdictional statutes unless diversity.)
Claim for declaratory relief under 28 U.S.C. Sec. 2201 to determine arbitrability of grievance pursuant to 29 U.S.C. Sec. 185.

**VII. REQUESTED IN COMPLAINT:** ☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23   DEMAND $ _____   CHECK YES only if demanded in complaint: JURY DEMAND: ☐ Yes ☐ No

**VIII. RELATED CASE(S) IF ANY** (See instructions): JUDGE Harrington   DOCKET NUMBER 03-19530-EFH / 04-10160-EFH / 04-11103-EFH

DATE 6-2-04    SIGNATURE OF ATTORNEY OF RECORD

FOR OFFICE USE ONLY

RECEIPT # _____  AMOUNT _____  APPLYING IFP _____  JUDGE _____  MAG. JUDGE _____

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

1. Title of case (name of first party on each side only) NSTAR Electric and Gas Corporation, United Steelworkers of America, Local 12004

2. Category in which the case belongs based upon the numbered nature of suit code listed on the civil cover sheet. (See local rule 40.1(a)(1)).

   - [ ] I.   160, 410, 470, R.23, REGARDLESS OF NATURE OF SUIT.
   - [✓] II.  195, 368, 400, 440, 441-444, 540, 550, 555, 625, 710, 720, 730, 740, 790, 791, 820*, 830*, 840*, 850, 890, 892-894, 895, 950.
       *Also complete AO 120 or AO 121 for patent, trademark or copyright cases
   - [ ] III. 110, 120, 130, 140, 151, 190, 210, 230, 240, 245, 290, 310, 315, 320, 330, 340, 345, 350, 355, 360, 362, 365, 370, 371, 380, 385, 450, 891.
   - [ ] IV.  220, 422, 423, 430, 460, 510, 530, 610, 620, 630, 640, 650, 660, 690, 810, 861-865, 870, 871, 875, 900.
   - [ ] V.   150, 152, 153.

3. Title and number, if any, of related cases. (See local rule 40.1(g)). If more than one prior related case has been filed in this district please indicate the title and number of the first filed case in this court.
   Utility Workers, Local 369, et al. v. NSTAR Electric and Gas Corp., et al., No. 03-19530-EFH (first filed related case)

4. Has a prior action between the same parties and based on the same claim ever been filed in this court?
   YES [ ]   NO [✓]

5. Does the complaint in this case question the constitutionality of an act of congress affecting the public interest? (See 28 USC §2403)
   YES [ ]   NO [✓]

   If so, is the U.S.A. or an officer, agent or employee of the U.S. a party?
   YES [ ]   NO [ ]

6. Is this case required to be heard and determined by a district court of three judges pursuant to title 28 USC §2284?
   YES [ ]   NO [ ]

7. Do all of the parties in this action, excluding governmental agencies of the united states and the Commonwealth of Massachusetts ("governmental agencies"), residing in Massachusetts reside in the same division? - (See Local Rule 40.1(d)).
   YES [✓]   NO [ ]

   A. If yes, in which division do all of the non-governmental parties reside?
      Eastern Division [✓]   Central Division [ ]   Western Division [ ]

   B. If no, in which division do the majority of the plaintiffs or the only parties, excluding governmental agencies, residing in Massachusetts reside?
      Eastern Division [ ]   Central Division [ ]   Western Division [ ]

8. If filing a Notice of Removal - are there any motions pending in the state court requiring the attention of this Court? (If yes, submit a separate sheet identifying the motions)
   YES [ ]   NO [ ]

(PLEASE TYPE OR PRINT)
ATTORNEY'S NAME  Keith B. Muntyan / Robert P. Morris
ADDRESS  Morgan, Brown & Joy, One Boston Place, Boston, MA 02108-4472
TELEPHONE NO.  617-523-6666

(Coversheetlocal.wpd - 10/17/02)