UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| NSTAR ELECTRIC AND GAS CORPORATION,<br>　　　　　Plaintiff,<br><br>v.<br><br>UNITED STEELWORKERS OF AMERICA, LOCAL 12004,<br>　　　　　Defendant | Civil Action No. 04-11150 EFH |

### ANSWER OF LOCAL 12004, UNITED STEEL WORKERS OF AMERICA, TO COMPLAINT FOR DECLARATORY RELIEF

Local 12004, United Steelworkers of America ("Local 12004") answers the numbered paragraphs of the Complaint for Declaratory Relief as follows:

**A.   Background**

1. No answer is required except to the assertion that health benefits for retirees who retired under the current 2002-2006 agreement is not a proper subject for a grievance under that agreement, which allegation is denied. The 2002-2006 agreement provides that arbitration is available "[i]n the event of any dispute between the Union and the Company as to the meaning, application or intent of the provisions of this Agreement."

**B.   The Parties**

2. Admitted.

3. Admitted.

**C.   Jurisdiction**

4. Admitted.

D. **The Collective Bargaining Agreement**

5. - 9. Local 12004 admits that the agreement contains the quoted language, but directs the Court's attention to the full text. Local 12004 denied the conclusions contained in these paragraphs as to the effect of the quoted language.

10. Local 12004 denied the allegations of paragraph 10.

E. **Changes To Retiree Health Benefits, Effective April 1, 2003**

11. Admitted.

12. Local 12004 admits only that paragraph 10 sets forth the plaintiff's announced rationale for the changes in health insurance. Local 12004 denies that these assertions are accurate.

F. **Current Grievance Proceedings**

13. Admitted.

14. Local 12004 directs the Court's attention to the full text of the letter.

15. Local 12004 admits that the parties were unable to reach a resolution of the grievance and that the matter proceeded to arbitration before Gary Altman on March 25, 2003. Local 12004 avers that the parties agreed that the dispute be arbitrated and decided by Gary Altman, and that NStar did not contend that the grievance was not arbitrable until March 25, 2004, after the hearing began. Local 12004 admits that paragraph 14 includes that paragraph 15 includes some of the contentions of the parties before the arbitrator.

16. Admitted.

G.  **Related Proceedings**

17. Local 12004 admits the allegations of paragraph 14, except the allegation that "the modification of health benefits at issue in this action is identical to that placed in issue by the Grievance," which is denied. Local 12004 refers the Court to the full text of the documents cited.

18. Local 12004 admits the allegations of paragraph 18, but avers that the facts involved in the Senior action are materially different from those in the Utility Workers Local 369 action.

19. Local 12004 admits the allegations of paragraph 19, except the allegation that the NLRB in Washington D.C. reached the same conclusion, which is denied. The General Counsel of the NLRB, not the NLRB (which is by statute separate from the General Counsel) affirmed the Boston Office's conclusion.

H.  **The Need for Declaratory Relief**

20. Local 12004 denies the allegations of paragraph 20 are denied.

I.  **Cause of Action**

21. No answer is required.

22. Local 12004 admits that there is an actual controversy, but denies the characterization of the parties' contentions.

23. Local 12004 responds that the arbitrator is fully authorized by law to resolve the controversy.

Further answering, Local 12004 stays:

1. NStar agreed to arbitrate the grievance.

3

2. The grievance is arbitrable under the terms of the agreement, which provides that arbitration is available "[i]n the event of any dispute between the Union and the Company as to the meaning, application or intent of the provisions of this Agreement."

3. In any event, the grievance should be heard by the arbitrator in the first instance.

WHEREFORE, Local 12004 prays that the court declare that the grievance is subject to arbitration.

Respectfully submitted,

UNITED STEELWORKERS OF AMERICA, LOCAL UNION NO. 12004, AFL-CIO

By its attorneys,

/s/ Warren H. Pyle
Warren H. Pyle, BBO #408400
Pyle, Rome, Lichten & Ehrenberg, P.C.
18 Tremont Street, Suite 500
Boston, MA 02108
(617) 367-7200

Dated: June 22, 2004,

## CERTIFICATE OF SERVICE

I hereby certify that a true copy of the foregoing document was served upon Keith B. Muntyan, Esq., Morgan Brown & Joy, LLP, 1 Boston Place, Boston, MA 02108, by hand delivery on June 22, 2004.

/s/ Warren H. Pyle
Warren H. Pyle

4