UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

_____
                              )
NSTAR ELECTRIC AND GAS        )
CORPORATION,                  )
              Plaintiff,      )   Civil Action No. 04-11150 EFH
                              )
v.                            )
                              )
UNITED STEELWORKERS OF        )
AMERICA, LOCAL 12004,         )
              Defendant       )
_____)

**OPPOSITION TO PLAINTIFF'S MOTION FOR SUMMARY
JUDGMENT AND INCORPORATED MEMORANDUM**

Defendant Local 12004, United Steelworkers of America (Local 12004 or the Union) opposes the motion for summary judgment of plaintiff NSTAR Electric and Gas Corporation (NStar). Under settled law the claims of Local 12004 for health care benefits for the three retirees are subject to the grievance and arbitration provisions of the collective bargaining agreement. Moreover, the parties submitted NStar's claim that Local 12004's grievance was not subject to arbitration to an arbitrator and he has awarded that the grievance is arbitrable and ordered hearings on the merits of the grievance.

**I. Response to Plaintiff's Statement of Material Facts**

Local 12004 responds as follows to the numbered paragraphs of NStar's statement of material facts:

1, 2, 3, 4, 5, 6, 7, 8, 9. Local 12004 admits that the 2002-2006 agreement contains the quoted provisions.

1

10. Local 12004 admits the facts set forth in paragraph 10, except the allegation that "the same changes were at issue in <u>Utility Workers, Local 369, et al. v. NSTAR Electric and Gas Corp.</u>, Civil Action No. 033-CV-1-530-EFH. Local 12004 is unable to admit or deny that allegation, as it is not familiar with the changes that affected the employees involved in that action.

11. Admitted.

12. Local 12004 admits that Mr. Dorant's letter of January 17, 2003 includes, among other things, the quoted phrases.

13. Local 12004 admits the statements in the first two sentences of paragraph 13. Local 12004 denies that no decision has been issued. On June 25, 2004, the arbitrator, after considering the testimony and briefs of the parties, awarded:

> For the reasons set forth above, the grievance is arbitrable. A hearing on the merits will be scheduled forthwith. Accordingly, the parties shall contact the arbitrator to schedule future hearing dates on the merits of the Union's grievance.

(Attachment A)

14. Local 12004 admits the statements in the first sentence of paragraph 14. Local 12004 denies the allegation of the second sentence. Local 12004 avers that the dispute in the arbitration before arbitrator Altman covers only three employees who retired after the effective date of the 2002-2006 agreement but before the end of the year 2002, while the case of <u>Charles J. Senior, et al. v. NSTAR Electric and Gas Corporation, et al.</u> involves all those who were covered by agreement with Local 12004 who retired from NStar and its predecessor, Commonwealth Gas Company, with health care benefits, under prior agreements, as well as the three employees involved in the arbitration proceedings. Local 12004 admits the allegations of the final two sentences of paragraph 14.

15. Local 12004 admits that its brief to the arbitrator includes the quoted statements.

16. Local 12004 admits that Local 369, Utility Workers Union of America and certain NStar retirees brought the action described and that the Court dismissed the suit. Local 12004 denies that that suit arose under the 2002-2006 agreement between NStar and Local 12004 and denies that that suit involved modification of the health benefits of the three employees involved in this case.

II. **Additional Undisputed Material Facts**

1. The 2002-2006 collective bargaining agreement between Local 12004 and NStar includes a provision that "[e]mployees who had retiree health coverage under the Commonwealth Energy Plan (employees age 40 or older and had completed at least twelve (12) full years of employment as of January 1, 1993, herein referred to as grandfathered employees) keep their current health care benefit provided they retire prior to December 31, 2002." (Plaintiff's appendix, exhibit B at page 26)

2. Three "grandfathered" employees retired before the end of 2002.

3. Local 12004 took the position that upon their retirement they were entitled to keep their current health care benefit, as provided in the 2002-2006 agreement.

4. NStar disagreed, and Local 12004 submitted a grievance under the grievance and arbitration provisions of the agreement.

5. The parties agreed to submit the grievance to Gary Altman, Esq. as arbitrator.

6. At the hearing on March 25, 2002 NStar asked the arbitrator to dismiss the Union's grievance because, it argued, the Union does not represent retirees, the grievance

3

and arbitration procedure is not available for grievances of former employees and because of the complaint the Union filed with this Court.

    7. In its answer to the complaint in the <u>Charles J. Senior, et al. v. NStar Electric and Gas Corp.</u>, NStar included the following affirmative defense:

> 3. Plaintiffs have failed to exhaust any available remedies under any collective bargaining agreements alleged herein.

    8. On June 25, 2004 the arbitrator awarded:

> For the reasons set forth above, the grievance is arbitrable. A hearing on the merits will be scheduled forthwith. Accordingly, the parties shall contact the arbitrator to schedule future hearing dates on the merits of the Union's grievance.

(Attachment A, at page 11)

    9. The 2002-2006 agreement includes the following provision:

> The award of this appointed arbitrator shall be final and binding on both the Company and the Union.

(Plaintiff's appendix, Exhibit B at page 8)

### III. Argument

On January 23, 2004 Local 12004 filed suit on behalf of all retirees who were covered under agreements between it and NStar or its predecessor, Commonwealth Gas Company, dating back to the 1980's and who retired with health insurance benefits. All but three of those retirees took their retirement under agreements prior to the 2002-2006 agreement involved here. <u>Senior, et al. v. NStar Electric and Gas Company, supra</u>. The Local did not exclude the three retirees involved here from its suit, but it has stated that if the grievance it filed for the three employees is arbitrable on the merits, it will withdraw their claims from the court action. The three employees involved here are the only

4

retirees who retired under the 2002-2006 agreement who are also involved in the <u>Senior</u> case.

In its answer to the complaint in the <u>Senior</u> case NStar raised an affirmative defense that the plaintiffs had failed to exhaust available remedies under the agreements. a position that is inconsistent with that taken by NStar in this case.

In March 2004 NStar agreed to submit the Union's grievance concerning the three employees who retired under the provisions of the 2002-2006 agreement to arbitration before arbitrator Gary Altman, Esq. under the terms of the agreement. When the parties convened before arbitrator Altman on March 25 NStar raised a claim that the grievance and arbitration provisions of the agreement were not available to the Union. Recently the arbitrator issued an award that the grievance is arbitrable under the terms of the agreement. The arbitrator directed that hearings on the merits of the union's claim be scheduled.

Thus, the issue before the Court is now whether the arbitrator's award was within his authority The company has not indicated whether it will abide by the arbitrator's decision as required by the contract.

It is familiar law that a court must enforce an arbitrator's award as long as there is "any plausible basis" in the agreement for the award. <u>Larocque v. R.W.F., Inc.</u>, 8 F.3d 95, 96 (1st Cir. 1993). Judicial review of an arbitrator's award is "extremely narrow and "extraordinarily deferential.'" <u>Kraft Foods, Inc. v. Office and Professional Employees Int'l Union, Local 1295</u>, 203 F.3d 98, 100 (1st Cir. 2000) Under these and like precedents the company's contention that the dispute as to the three employees is not subject to arbitration must fail.

5

The arbitrator's reasoning was well within his authority and was sound. The grievance and arbitration procedure of the contract is applicable to "any dispute between the Union and the Company as to the meaning, application or intent of the provisions of this Agreement." (Agreement, exhibit B to plaintiff's appendix at page 7) NStar argues that some of the language governing processing of a grievance seems to refer only to those who are currently employed. The arbitrator found that the broad language of the agreement's definition of a grievance to be dispositive. He reasoned: "Initially, it must be stated that the grievants in the present case are pursuing contract benefits that allegedly accrued before they actually retired from active service and that were included in the current agreement. In other words, they are maintaining that they were employees covered under the current Agreement and that under this Agreement they were entitled to certain retirement benefits earned by virtue of their employment and their subsequent retirement from employment …" (Opinion at 9) The arbitrator cited arbitration precedents as well as United Steelworkers v. Caron, 580 F. 2d 77 (3rd Cir. 1978) where the Third Circuit affirmed an order compelling arbitration of a claim for payment of medical and health insurance premiums under a labor contract with a predecessor employer. The court ruled that the union had standing to represent the retirees in arbitration even though they had retired before the current agreement was negotiated.

Moreover, there is recent authority in this district that retirees or a union *must* exhaust available remedies under the contract's grievance and arbitration procedure before filing a complaint against the employer. In White v. Bell Atlantic Yellow Pages, 174 LRRM 2753 (D. Mass. March 23, 2004) Judge Woodlock granted summary

6

judgment to an employer where retirees had failed to exhaust their remedies under the union contract. He said:

> Generally, employees represented by a union and covered by a collective bargaining agreement must exhaust union remedies before bringing suit under § 301. Vaca v. Sipes, 386 U.S. 171, 184-88, Soto Segarra v. Sea-Land Serv., Inc., 581 F.2d 291, 294 (1st Cir. 1978). This includes former employees. Merk v. Jewel Cos., 848 F.2d 761, 177 (7th Cir. 1988), cert denied, 488 U.S. 956 (1988). Grievances relating to the benefits accompanying termination of employment "are not [so] critically unlike other types of grievances" that they are exempt from the requirement of pursuing his claims through union process. Republic Steel Corp. v. Maddox, 379 U.S. 656 (1965)

### Conclusion

NStar's motion for summary judgment should be denied. Summary judgment should be entered in favor of Local 12004 confirming the arbitrator's award.

Respectfully submitted,

                          UNITED STEELWORKERS OF
                          AMERICA, LOCAL UNION NO.
                          12004, AFL-CIO

                          By its attorneys,

                           s/Warren H. Pyle
                          Warren H. Pyle, BBO #408400
                          Pyle, Rome, Lichten & Ehrenberg, P.C.
                          18 Tremont Street, Suite 500
                          Boston, MA 02108
                          (617) 367-7200

Dated: July 7, 2004

### CERTIFICATE OF SERVICE

I hereby certify that a true copy of the foregoing document was served upon Keith B. Muntyan, Esq., Morgan Brown & Joy, LLP, 1Boston Place, Boston, MA 02108, by first class mail on July 7, 2004.

                           s/Warren H. Pyle
                           Warren H. Pyle

8