## UNITED STATES DISTRICT COURT

## DISTRICT OF MASSACHUSETTS

```
* * * * * * * * * * * * * * * * * * * * * * * *
```

NSTAR ELECTRIC AND GAS
CORPORATION,
                Plaintiff

                v.                CIVIL ACTION NO.:
                                                    04-11150-EFH

UNITED STEELWORKERS OF AMERICA,
LOCAL 12004,
                Defendant.

```
* * * * * * * * * * * * * * * * * * * * * * * *
```

## MEMORANDUM AND ORDER

July 20, 2004

HARRINGTON, S.D.J.

      The Plaintiff NSTAR Electric and Gas Corporation ("NSTAR") filed a complaint seeking a declaratory judgment that the Defendant United Steel Workers of America, Local 12004 ("the Union"), could not submit a certain grievance to arbitration under the terms of the parties' collective bargaining agreement. Now pending is NSTAR's motion for summary judgment.

      In the First Circuit, "[t]he question whether the parties agreed to arbitrate certain matters [is] for the court to decide." Coady v. Ashcraft & Gerel, 223 F.3d 1, 8 (1st Cir. 2000). This is true unless there is "clear and unmistakable" evidence to the contrary. Id. at 9. There is no clear and unmistakable evidence in this case that the parties agreed to have an arbitrator decide questions of arbitrability. In fact, the language of the collective bargaining agreement suggests

just the opposite, namely, that the parties intended the subject matter of arbitration to be rather limited.[1] In short, arbitrability is a question for this Court, not the arbitrator. See <u>AT & T Techs, Inc. v. Communication Workers of Am.</u>, 475 U.S. 643, 649 (1986) ("[T]he question of arbitrability–whether a collective-bargaining agreement creates a duty for the parties to arbitrate the particular grievance–is undeniably an issue for judicial determination.").

Now to the merits. NSTAR claims that the grievance was filed on behalf of three individuals (Kevin Brosniham, Charlotte Umlah and Ronald McDonald) who recently retired from NSTAR. NSTAR argues that the grievance is not arbitrable because the collective bargaining agreement only permitted current employees to file grievances, not retirees. Even if NSTAR's reading of the collective bargaining agreement is correct, NSTAR is not entitled to summary judgment. This is because the President of the Union, Kathleen Laflash ("Laflash"), was the only person who filed the grievance against NSTAR. Only Laflash signed the grievance. She did so in two places: once in her capacity as "union representative" and a second time as the "aggrieved" employee. The names of the three retirees do not appear on the grievance. NSTAR has made no argument that Laflash is a retiree and therefore barred from filing a grievance. Therefore, the Court sees no reason to prohibit Laflash's grievance from being arbitrated. See <u>United Steelworkers of Am., AFL-CIO v. Canron, Inc.</u>, 580 F.2d 77, 80-81 (3d Cir. 1978) ("[T]he union has a legitimate interest in protecting the rights of the retirees and is entitled to seek enforcement of the applicable contract provisions."). Even if the grievance could be construed to be a grievance by the three retirees, and only the three retirees, summary judgment would still be

---

[1] Article III, Section 2 of the collective bargaining agreement provides that "No Arbitrator shall have the power to . . . pass upon or decide any question except the grievance submitted to the Arbitrator. . . ."

inappropriate. It is undisputed that all three retirees were current employees when the collective bargaining agreement went into effect. Two of the retirees also were current employees at the time the grievance was filed. The three retirees therefore fall within the scope of the collective bargaining agreement, which applies to "regular employees" or "those holding regular positions so authorized by the Company."[2] In sum, the grievance can be submitted to an arbitrator. NSTAR's motion for summary judgment is denied.

    SO ORDERED.

/s/ Edward F. Harrington
EDWARD F. HARRINGTON
United States Senior District Judge

---

[2]NSTAR argues that the phrase "regular employees" or "those holding regular positions" necessarily excludes all retirees. The Court is not persuaded by this argument because there is simply no temporal limitation on the "holding of regular positions." Rather the import of the phrase appears to be in the word "regular." This is true because only "temporary" employees and "probationary" employees are mentioned in the section of the collective bargaining agreement that specifies those not covered by the agreement. Retirees are not explicitly excluded from coverage. Thus, the Court is left to conclude that the parties' definition of "regular employees" was designed to differentiate certain employees from those who are temporary or probationary.